The opinion of the Court was delivered by
W audlaw, J.
The defendant has earnestly urged in this Court, that against him, as administrator, this action of debt on simple contract will not lie, for want of such privity of contract as would give to him the same benefit of waging his law, which in such an action his intestate would liave had. It is sufficient, on this head, to say, that the intestate could not himself, at common law, have waged his law in debt for rent on a parol lease (1 Wms. Saund., 216, a, note 1); and moreover, that the objection to the form of the action can be taken only by demurrer, and is waived by pleading, 5 Taunt. 665. See 9 Rep. 87 b; 1 Plow., 182.
The defendant is sued in the detinet only: the rent of the first quarter has been paid : the rent of the second quarter, (in the course of which the intestate died,) has been found against the defendant by the verdict: if our Statute of 1789, (5 Stat. Ill, § 26,) in settling the order for payment of the debts of an intestate, confines the precedence which is given to rent over *36 bonds and other obligations, to the rent which was due at the death of the intestate, and that which would become due at the next day for payment after his death, then the plaintiff should recover no more than he has done; but if that precedence is extended to all rent which may accrue under a contract of the intestate, then the defendant here has assets to pay some, if not all, of the rent for the last two quarters, and the plaintiff is entitled to a new trial.
The single word used in the statute is rent, general and indefinite. Conformably to the English cases, (1 Salk. 325; 1 Ld. Raym. 515,) our cases hold that it is immaterial, whether the rent be reserved by lease in writing or by parol, Chappell vs. Brown, 1 Bail. 528. In the right of distress, difference may be made by the death of the lessee; but the preference given to rent seems not to depend on that right, but, like it, to have grown out of the preference yielded to landlords, partly from feudal reasons, and partly from consideration of the necessity of habitation for human beings. That assets, which arose from other sources, should be reserved to meet rent that may, long after the death of an intestate, become due upon a contract, perhaps improvidently made by him for a long lease, will, without doubt, be in some cases inconvenient and unjust; but the unexpired term is assets in the hands of the administrator, the profits it may yield are supposed to exceed the rent, and there is justice in the landlord's claim that those profits should not be directed to the payment of other debts, in defeat of the rent. We conclude that there is no good ground for a distinction, with regard to precedence, between rent which was due at the death of the intestate, and that which became due afterwards.
Against personal liability, the administrator may secure himself by offer to surrender the term, and refusal to enter: even after entry, he may, by proper pleading, confine his personal liability to the profits received by him, if they should be less than the rent; but when sued in his representative character only, he is, to the extent of assets in his hands, liable for the *37 whole rent, without regard to the profits received by him. (See 2 Wms. on Exec’rs, 868, 1491; 1 Saund. 1; 2 Platt on Leases, 372.)
The plaintiff’s motion is granted.
O’Neall, Withers, Whitner and Glover,*JJ., concurred.

Plaintiff's motion granted.